No. 27,222.

H. L. STRONG, *Appellee*, v. THE ATCHISON, TOPEKA & SANTA FE
RAILWAY COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

CARRIERS—*Bills of Lading*—*"Freight to be Prepaid"*—*Rights of Consignee Paying Charges.* A consignee of a shipment of interstate freight under an order bill of lading containing the notation "Freight to be prepaid," who takes up the bill of lading with draft attached by paying the amount named in the draft which includes the freight charges, and because the freight charges were not prepaid is compelled to pay those charges to the carrier, cannot recover from the latter the damages sustained by reason of being compelled to pay those charges to the carrier.

Appeal from Sedgwick district court, division No. 4; ISAAC N. WILLIAMS, judge. Opinion filed March 12, 1927. Reversed.

*William R. Smith, Owen J. Wood, Alfred A. Scott, Alfred G. Armstrong,* all of Topeka, and *J. D. Houston,* of Wichita, for the appellant.

*J. Graham Campbell* and *Ray Campbell,* both of Wichita, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff sued to recover as damages the amount of freight paid by him on two carloads of oats that had been shipped to him as consignee under order bills of lading on which notation had been made "Freight to be prepaid." Judgment was rendered in favor of the plaintiff, and the defendant appeals.

The action was tried on an agreed statement of facts, which disclosed that the plaintiff was engaged in the grain business in Wichita; that he purchased from Dilts & Morgan, grain dealers of Kansas City, Mo., two carloads of oats to be shipped from that place, one carload to Valley Center, Kan., and the other to Marshall, Okla.; that the two carloads of oats were shipped under order bills of lading issued to Dilts & Morgan on which there was a notation "Freight to be prepaid"; that drafts covering the purchase price of the oats and the freight thereon were attached to the bills of lading; that Dilts & Morgan gave to the defendant a check covering the freight on the two cars of oats, but immediately thereafter a receiver was appointed for Dilts & Morgan, and the check was not paid; that the defendant notified its agents at Valley Center, Kan., and Marshall,

Carriers, 10 C. J. pp. 447 n. 52, 456 n. 71, 489 n. 68, 510 n. 85, 511 n. 91.

Okla., not to deliver the oats until the freight charges were paid; that the plaintiff was compelled to pay to the defendant the freight charges when the shipments were received; that the order bills of lading had been taken up by the plaintiff by paying to Dilts & Morgan the amounts named in the drafts attached thereto, which included the freight charges on the shipments to Valley Center, Kan., and to Marshall, Okla.; that the plaintiff made written demand for the amount of damages sustained by him by reason of being compelled to pay the freight charges before he could receive the oats; and that the damages claimed equaled the amount of freight paid.

The defendant contends that it could not lawfully deliver the oats to anyone until the freight charges thereon had been fully paid. The plaintiff contends that, by reason of the notation "Freight to be prepaid" on the bills of lading and by reason of his having paid the amount called for by the drafts attached to the bills of lading, he was damaged in the amount of the freight charges paid by him.

A railroad is compelled to collect all legal charges for carrying interstate freight. There must not be any discrimination. If such a shipment is delivered without payment of the freight charges, the carrier must make every possible effort to collect those charges. (*Farrar v. Perkins,* 122 Kan. 141, 251 Pac. 440.) No conduct of the carrier will estop it from maintaining an action to recover them.

In *Pittsburgh, etc., Ry. Co. v. Fink,* 250 U. S. 577, one paragraph of the headnote reads:

"The carrier has a lien for the lawful charges until they are tendered or paid, and a consignee who obtains the goods at destination upon payment of less, due to a misunderstanding by himself and the carrier of the rate lawfully applicable, must be deemed to have assumed the obligation of paying the full lawful rate, and is liable to the carrier accordingly."

In that case, the court said:

"Nor can the defendant in error successfully invoke the principle of estoppel against the right to collect the legal rate. Estoppel could not become the means of successfully avoiding the requirement of the act as to equal rates, in violation of the provisions of the statute." (p. 582.)

In *Great Northern Ry. Co. v. Hyder,* 279 Fed. 783, 786, the court said:

"The consignee, in refusing payment, is relying on the plaintiff's being estopped by its conduct. The shipper, the carrier, and the consignee are all agents and trustees for the public, and no complications arising out of the

agreements between them or shuffling, should defeat the purpose of the act requiring the full and exact payment of the freight as fixed by the filed, posted, and published tariff."

What the plaintiff claims amounts to an estoppel against the defendant to deny its liability. The law of the United States providing for order bills of lading gives them many of the attributes of negotiable instruments and provides the liability of the carriers under such bills. The claim of the plaintiff does not come within any of those provisions.

The plaintiff in effect argues that the notation, "Freight to be prepaid," is equivalent to a statement that the "Freight has been prepaid." That is not the effect of the language used. The language used is in substance that the consignor *will* prepay the freight; it is not an acknowledgment that the freight has been paid. The defendant had a lien on the shipment for the freight, and when it was not paid by the consignor, who had agreed to pay it, and was paid by the consignee upon the delivery of the shipment to him, he had no right of action against the defendant to recover the damages sustained by him on account of paying the freight twice, once to the consignor and once to the defendant; he must look to the consignor. *Browne v. Railroad Co.*, 113 Kan. 726, 216 Pac. 299, tends to support the conclusion here reached.

The judgment is reversed and judgment is rendered in favor of the defendant.